ALLIANCE FEDERAL SAVINGS AND LOAN ASSOCIATION, et al., Plaintiffs-Appellants,

v.

FEDERAL HOME LOAN BANK BOARD, et al., Defendants-Appellees.

No. 85–3229.

United States Court of Appeals, Fifth Circuit.

May 14, 1986.

Harry M. Zimmerman, Jr., J. Broocks Greer, III, New Orleans, La., for plaintiffs-appellants.

Harold B. Carter, Jr., Stephen L. Williamson, New Orleans, La., Loretta Reid Pitt, Temple Hills, Md., William K. Black, Ralph W. Christy, Washington, D.C., for defendants-appellees.

On Petition for Rehearing

(Opinion February 12, 1986, 5th Cir.1986, 782 F.2d 490)

Before CLARK, Chief Judge, THORNBERRY and JONES, Circuit Judges:

PER CURIAM:

The petition for rehearing in the above-styled appeal is hereby GRANTED. The penultimate paragraph of the original panel opinion in this case is modified to read as follows:

The above-mentioned examples of loan transactions entered into by Alliance are not the exception but, in fact, are the rule as revealed by the record. It is unnecessary for this court to set forth further instances of the unsafe and unsound lending practices engaged in by Alliance which have resulted in the substantial dissipation of its assets. At the time of oral argument, counsel for the Bank Board noted that $129 million, or two-thirds, of Alliance's outstanding loans were nonperform-

ing.  Alliance presented no evidence at trial which rebutted any of the Bank Board's findings as revealed by the administrative record.  Although none of Alliance's officers or directors testified on its behalf, Alliance did present testimonial evidence. Contrary to Alliance's assertion on appeal, we do not find that the Bank Board was required to establish the insolvency of the association as of the date of the appointment of the conservator.  Such a construction of § 1464(d)(6)(A) would render its subsections (ii) through (v) mere excess verbiage, a result which we refuse to reach.